FILED
United States Court of Appeals
Tenth Circuit

May 11, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MYOUN L. SAWYER,

     Plaintiff - Appellant,

v.

LAURA HOWARD, Secretary, Kansas
Department for Aging and Disability
Services; LESIA DIPMAN,
Superintendent, Larned State Hospital;
MARCUS HERRERA, Program Director,
Sexual Predator Treatment Program;
HALEIGH BENNETT, Program Manager,
Sexual Predator Treatment Program;
MARC QUILLEN, Clinical Director,
Sexual Predator Treatment Program;
MICHAEL BURKE, Psychiatrist Doctor &
Chief Medical Officer; DAVID BARNUM,
Clinical Director, Larned State Hospital;
KERI APPLEQUIST, Assistant Clinical
Director, Sexual Predator Treatment
Program; HOLLY E. HERTEL, On Duty
Registered Nurse; TOMAS GARZA,
Medical Director, Larned State Hospital;
SETH OSBORN, LSCSW, Isaac Ray
South 2 Therapist; JASON FISHER, Chief
of Security, Larned State Hospital;
LUCILLE PARTLOWLOYALL, LBSW,
Social Worker Specialist, Sexual Predator
Treatment Program; ERICA BROWN, RN,
Isaac Ray South 2 Unit Leader,

     Defendants - Appellees.
_____

No. 19-3273
(D.C. No. 5:19-CV-03171-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

—————————————————

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.

—————————————————

Plaintiff Myoun L. Sawyer, proceeding pro se, appeals the district court's

dismissal of his claims brought under 42 U.S.C. § 1983 and seeks leave to proceed *in*

*forma pauperis*.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the

dismissal of Sawyer's claims and deny his motion to proceed *in forma pauperis*.

**I**

Sawyer is civilly committed to the Larned State Hospital (LSH) pursuant to the

Kansas Sexually Violent Predator Act (KSVPA).  He was first placed in the Sexual

Predator Treatment Program (SPTP) in 2011, and he returned to the SPTP at LSH in

2017, after completing a criminal sentence in the custody of the Kansas Department

of Corrections.

Sawyer's § 1983 claims arise from his treatment at LSH.  His amended

complaint contains three counts.  Count One alleges a "[m]assive conspiracy of

mistreatment, discrimination and punitive conditions" and the use of "exaggerated

rational[e] to justify the use of" physical restraint in violation of the Fifth and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fourteenth Amendments, which the district court construed as alleging a substantive due process claim and an equal protection claim. ROA at 18. Count Two alleges "[d]iscriminatory orders" written by a doctor and a chief medical officer and "deliberate indifference towards a serious medical need." *Id.* Count Three alleges that Sawyer was battered by a "staff member." *Id.* at 21. Sawyer also asserts various First Amendment claims in a supplement to his amended complaint. The district court screened Sawyer's amended complaint and its supplement pursuant to 28 U.S.C. § 1915A, concluding that Sawyer failed to state a claim upon which relief could be granted. The district court dismissed Sawyer's claims without prejudice. Sawyer timely appealed.

## II

We review de novo the district court's dismissal of an action under 28 U.S.C. § 1915A for failure to state a claim, applying the same standards we employ to review dismissals under Fed. R. Civ. P. 12(b)(6). *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). Because Sawyer appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On appeal, Sawyer contends that the district court erred because "[s]tate policies . . . do not trump . . . congressional law." Aplt. Br. at 4. But Sawyer does not say how federal law preempts any LSH or state policy, nor does he describe what state policy is preempted. Moreover, the district court did not hold that a state policy superseded federal law. To the contrary, the district court properly analyzed whether

3

Sawyer "state[d] a claim for [a] violation of *federal* law," reasoning that "state law provisions are not enforceable in an action brought under § 1983 which is concerned with the protection of federally guaranteed rights." ROA at 98 (quotations omitted, emphasis added).

Sawyer also asserts, without support, that the district court erred in concluding that "there is no liberty interest and that [Sawyer] is receiving the best or most qualified treatment." Aplt. Br. at 4. We disagree. As the district court noted, the "[s]upporting [f]acts" that Sawyer alleges in support of his due process claim consist only of vague generalities, including allegations of a "[m]assive conspiracy of mistreatment," "punitive conditions," and "vindictive and politically motivated [punishment]."[1] ROA at 18; *see also* Aplt. Br. at 4 (arguing, without pointing to specific facts, that the district court ignored "massive accumulations" of constitutional violations). Sawyer's conclusory allegations do not state facts which describe a plausible substantive due process violation. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) ("[T]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based[,and ] conclusory allegations without supporting factual averments are insufficient to state a claim . . . .").[2] Further,

---

[1] When the district court directed Sawyer to file an amended complaint, the court warned Sawyer that Count One was lacking specific factual support. *See* ROA at 98.

[2] Sawyer also states that, in dismissing Count One, the district court erred by "focus[ing] more on [Sawyer's] alleged 'lengthy history.'" Aplt. Br. at 4. The district court did note that exhibits to Sawyer's complaint detailed a "lengthy history of

Sawyer incorrectly states that the district court concluded that he was receiving the best or most qualified treatment at LSH. The district court only held that there "is no *liberty interest* in receiving the best or most qualified treatment." ROA at 96 (emphasis added).

Sawyer's remaining arguments on appeal rehash the grievances in his amended complaint and its supplement. Sawyer does not identify any other alleged errors made by the district court in dismissing his case without prejudice for failure to state a claim upon which relief can be granted. "A court of appeals is not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Dodds v. Richardson*, 614 F.3d 1185, 1205 (10th Cir. 2010) (quotations omitted). We therefore will not consider any other arguments for reversal.

Sawyer has also filed a motion to proceed *in forma pauperis*. Because Sawyer has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

---

assaultive behaviors," including "his aggressive posturing toward staff, verbal threats, violent acts, public masturbation, propositioning staff, and throwing feces and urine." ROA at 95 (quotations omitted). Ultimately, however, the district court dismissed Sawyer's claims in Count One because of his failure to support his claims with specific factual allegations. *See id.* at 98.

## III

For the foregoing reasons, we AFFIRM the district court's dismissal of Sawyer's amended complaint and the supplement thereto and DENY his motion to proceed *in forma pauperis*.

Entered for the Court


Mary Beck Briscoe
Circuit Judge